# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WILSON YOUNG RENTALS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV405-153 |
| ) | |
| MELINDA L. REDENBURG, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a notice of removal pursuant to 28 U.S.C. § 1446 and an application to proceed *in forma pauperis*. On September 1, 2005, the Court granted defendant's application to proceed *in forma pauperis* and instructed her to file the appropriate state court pleadings which she neglected to include with her notice of removal. On September 8, 2005, defendant responded to the Court's order with an "Answer" and copies of the state court pleadings. Upon review of these materials, it is clear that this Court lacks any subject matter jurisdiction over plaintiff's claims. The case should be DISMISSED and REMANDED to the Chatham County Magistrate Court.

In defendant's notice of removal she states that jurisdiction is proper under 28 U.S.C. § 1332, which allows for original jurisdiction in federal court where there is diversity of citizenship. Defendant names both parties as citizens of Georgia in her Civil Cover Sheet and lists a local Savannah address for herself and plaintiff in the summons. Doc. 1. Diversity of citizenship is clearly absent[1] and cannot serve as grounds for removal in this case.

Defendant's Civil Cover Sheet also purports to list federal question jurisdiction under 28 U.S.C. § 1331 as a ground for removal. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Plaintiff's claim is for a writ of possession against defendant because defendant has failed to pay her rent. Defendant responds that she has paid her rent and does not owe the amount alleged. Such a dispossessory claim, absent a basis under 28 U.S.C. §§ 1332 and 1367, cannot be brought in federal court under a theory of federal question

---

[1] Furthermore, while defendant asserts a $1,000,000 amount in controversy in her original notice and claims of $175,000 in her "Answer," the case apparently has an amount in controversy under $15,000 because the case is being removed from a Georgia magistrate court, where jurisdiction is limited to cases involving civil claims of no more than $15,000. O.C.G.A. § 15-10-2. The claim, therefore, is for less than the $75,000 required for diversity cases. 28 U.S.C. § 1332(a).

jurisdiction.  See, e.g., Water's Edge Habitat, Inc. v. Pulipati, 837 F. Supp. 501, 504 (E.D.N.Y. 1993) (remanding eviction proceeding to state court). Therefore, removal is improper.  The Court recommends that the case be remanded to the Chatham County Magistrate Court.

**SO REPORTED AND RECOMMENDED** this  16Th  day of **September, 2005.**

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**